UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Carol Patnode, as Executrix of the Estate of
Brandy Patnode-Michener and James Michener,

        Plaintiffs,

vs.

United States of America,

        Defendant.

**COMPLAINT**

**Civil Action No:** 8:21-cv-00846 (GLS/ DJS)

---

Plaintiffs, Carol Patnode, as administrator of the Estate of Brandy Patnode-Michener and James Michener by and through their attorneys, Powers & Santola, LLP, as and for a Complaint against the defendant, United States of America, allege that at all times hereinafter mentioned:

## INTRODUCTION

1. This is an action against the Defendant, United States of America, under the Federal Tort Claims Act, (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for negligence, medical malpractice and wrongful death in connection with the medical care provided to plaintiffs' decedent Brandy Patnode-Michener, by medical providers at Hudson Headwaters Health Network at the Moriah Health Center located at 33 Tom Phelps Lane, Mineville, New York.

2. The claims herein are brought against the defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the defendant's

negligence.

3. Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

4. On April 17, 2020, plaintiff James Michener and plaintiff's decedent Brandy Patnode-Michener, filed a form 95, Claim for Injury, Damage or Death with the United States Department of HHS-Office of the General Counsel, 200 Independence Ave. S.W., Washington, D.C. 20201, by certified mail, which claim was acknowledged to have been received by the agency's Counsel. A copy of plaintiffs' Standard Form 95, without medical records, is attached as Exhibits 1 and 2 and are incorporated herein.

5. Following the death of plaintiffs' decedent Brandy Patnode-Michener, on May 28, 2020, the plaintiffs, Carol Patnode as Executrix of the Estate of Brandy Patnode-Michener, and James Michener filed an amended form 95, Claim for Injury, Damage or Death with the United States Department of HHS-Office of the General Counsel, 200 Independence Ave. S.W., Washington, D.C. 20201, on September 30, 2020, by certified mail, which claim was acknowledged to have been received by the agency's Counsel. A copy of plaintiffs' Amended Standard Form 95, without medical records, is attached as Exhibits 3 and 4 and are incorporated herein.

6. On February 17, 2021, the claims of plaintiffs, Carol Patnode as Executrix of the Estate and of Brandy Patnode-Michener and James Michener against the United States of America were denied and as such plaintiffs bring this Complaint. The correspondence detailing the denial is attached as Exhibit 5.

7. James Michener was and is a resident of the town of Moriah, County of Essex and State of New York.

8. James Michener was the lawful husband of the plaintiffs' decedent, Brandy Patnode-Michener.

9. Brandy Patnode-Michener died on May 28, 2020 in a private residence in the Town of Moriah, New York.

10. At the time of her death, Brandy Patnode-Michener was a resident of the Town of Moriah, New York, County of Essex, State of New York.

11. Carol Patnode is the mother of plaintiffs' decedent, Brandy Patnode-Michener.

12. Carol Patnode was and is a resident of the Town of Crown Point, County of Essex and State of New York.

13. On the 29th day of July, 2020, by a Decree of the Essex County Surrogate Court, Carol Patnode was issued Letters Testamentary for the Estate of Brandy Patnode-Michener.

14. The aforementioned Letters Testamentary remain in full force and effect.

15. Defendant, United States of America, through its agency, the Department of Health and Human Services, provides financial resources to the Hudson Headwaters Health Network at the Moriah Health Center located at 33 Tom Phelps Lane, Mineville, New York.

16. Hudson Headwaters Health Network and the Moriah Health Center, was and is a health care facility that held itself out to the plaintiffs' decedent as a provider of high-quality health care services, with the expertise necessary to maintain the health and safety of patients like the plaintiffs' decedent.

17. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, physicians, physician assistants, agents, and staff of Hudson Headwaters Health Network and Moriah Health Center, located at 33 Tom Phelps Lane, Mineville, New York, were employed by and/or acting on behalf of the Defendant, United States of America.

18. At all times relevant to this Complaint, Christopher Wolfe RPA-C, was a practicing physician assistant, licensed to practice medicine in the State of New York.

19. At all times relevant to this Complaint, including September 9, 2014 until March 23, 2017, Christopher Wolfe RPA-C, was an employee of the defendant, United States of America.

20. At all times relevant to this Complaint, Christopher Wolfe RPA-C, was acting within the scope of his employment and agency as an employee of the defendant, United States of America.

21. At all times relevant to this Complaint, including September 9, 2014 until March 23, 2017, Christopher Wolfe RPA-C, was an employee of the Moriah Health Center.

22. At all times relevant to this Complaint, Christopher Wolfe RPA-C was acting within the scope of his employment and agency as an employee of the Moriah Health Center.

23. At all times relevant to this Complaint, Christopher Wolfe RPA-C, held himself out to the plaintiffs' decedent, Brandy Patnode-Michener, as being a physician assistant who was competent and qualified in the field of family medicine.

24. At all times relevant to this Complaint, Richard McKeever, M.D., was a practicing physician, licensed to practice medicine in the State of New York.

25. At all times relevant to this Complaint, including September 9, 2014 until March 23, 2017, Richard McKeever, M.D., was an employee of the defendant, United States of America.

26. At all times relevant to this Complaint, Richard McKeever, M.D., was acting within the scope of his employment and agency as an employee of the defendant, United States of America.

27. At all times relevant to this Complaint, including September 9, 2014 until March 23, 2017, Richard McKeever, M.D., was an employee of the Moriah Health Center.

28. At all times relevant to this Complaint, Richard McKeever, M.D., was acting within the scope of his employment and agency as an employee of the Moriah Health Center.

29. At all times relevant to this Complaint, Richard McKeever, M.D., held himself out to the plaintiffs' decedent Brandy Patnode-Michener, as being a physician who was competent and qualified in the field of family medicine.

30. The plaintiffs' decedent Brandy Patnode-Michener, received medical care, treatment, examinations, diagnostic testing and/or other medical procedures commencing on or about August 6, 2009, and continuing through at least March 23, 2017, at the Moriah Health Center in a continuing course of treatment.

31. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

32. Venue is proper under 28 USC §1402(b) in that the acts and omissions forming the basis of these claims occurred in the Northern District of New York.

**FACTUAL ALLEGATIONS**

33. On or about September 9, 2014, Brandy Patnode-Michener came under the medical care and treatment of defendants, their agents, servants, employees, associates, subcontractors and/or other designees, including, Christopher Wolfe RPA-C and Richard McKeever, M.D., after presenting herself with a chief complaint of abdominal pain.

34. At the direction of Christopher Wolfe RPA-C and Richard McKeever, M.D., she was sent to Elizabethtown Community Hospital in Elizabethtown, New York, wherein plaintiffs' decedent, Brandy Patnode-Michener underwent an abdominal CT scan performed at Elizabethtown Community Hospital.

35. The CT scan was reported by a radiologist at Elizabethtown Community Hospital as follows: "There is a nodular soft tissue density in the left lower lobe. It measures 1.7 cm." She was then transferred to the University of Vermont Medical Center (formerly Fletcher Allen Health Care) in Burlington Vermont. The CT scan underwent a second read by a radiologist at the University of Vermont Medical Center who reported as follows: "Left lower lobe nodule stable since 2012. In the appropriate clinical context dedicated chest CT could be considered for more complete evaluation". On or about September 13, 2014, Brandy Patnode-Michener was discharged from the University of Vermont Medical Center. The discharge summary repeated the findings of the radiologist as follows: "Left lower lobe nodule stable since 2012. In the appropriate clinical context dedicated chest CT could be considered for more complete evaluation".

36. Following plaintiffs' decedent's discharge from the University of Vermont Medical Center, on October 10, 2014, she presented to Hudson Headwaters Health

Network and was evaluated by Christopher Wolfe RPA-C and Richard McKeever, M.D., for a physical evaluation. Christopher Wolfe RPA-C dictated in his office note that the following document was reviewed: "Admission/discharge Summary – Fletcher Allen Health Care – 9/13/14."

37. During this physical evaluation, plaintiffs' decedent, Brandy Patnode-Michener was not informed that she had a lung nodule and nothing was done to evaluate the lung nodule by Christopher Wolfe RPA-C and/or Richard McKeever, M.D.

38. Plaintiffs' decedent, Brandy Patnode-Michener continued to receive primary medical care from Hudson Headwaters Health Network at the Moriah Health Center located at 33 Tom Phelps Lane, Mineville, New York, by and through its agents, servants, employees, associates, subcontractors and/or other designees, including Christopher Wolfe RPA-C and Richard McKeever, M.D. until on or about March 23, 2017. During this time period nothing was done to evaluate Ms. Patnode-Michener's left lung nodule.

39. On or about July 9, 2019, Brandy Patnode-Michener was informed by an acupuncturist / obstetrician gynecologist that a previous CT scans demonstrated a left lower lobe nodule.

40. On August 13, 2019, the left lung nodule was biopsied. The pathology results demonstrated that the nodule was malignant. On or about September 3, 2019 Brandy Patnode-Michener was diagnosed with Stage IV lung cancer.

41. Defendants, by and through Hudson Headwaters Health Network's officers, agents and/or employees, physicians and medical personnel were negligent and deviated from the accepted standards of medical care with regard to plaintiffs'

7

decedent, Brandy Patnode-Michener.

42. Christopher Wolfe RPA-C and Richard McKeever, M.D. negligently failed to properly act upon and understand the significance of plaintiffs' decedent, Brandy Patnode-Michener's September 9, 2014 CT scan and discharge summary, specifically that she had a lung nodule.

43. Christopher Wolfe RPA-C and Richard McKeever, M.D. negligently failed to properly and timely diagnose Ms. Patnode-Michener's lung cancer.

44. Christopher Wolfe RPA-C and Richard McKeever, M.D. negligently allowed Ms. Patnode-Michener's cancer to progress to a metastatic and uncurable stage.

45. Christopher Wolfe RPA-C and Richard McKeever, M.D. negligently failed to properly and timely treat Ms. Patnode-Michener's lung cancer.

46. Christopher Wolfe RPA-C and Richard McKeever, M.D. negligently failed to timely refer Ms. Patnode-Michener to a proper medical specialist, including a pulmonologist.

47. Christopher Wolfe RPA-C and Richard McKeever, M.D. negligently failed to properly and timely order diagnostic testing, including, but not limited to chest CT scans on plaintiffs' decedent, Brandy Patnode-Michener.

48. Christopher Wolfe RPA-C and Richard McKeever, M.D. negligently failed to properly and timely order and conduct a lung biopsy following plaintiffs' decedent, Brandy Patnode-Michener's October 2014 office visit.

49. Christopher Wolfe RPA-C negligently failed to have a physician timely and fully evaluate plaintiffs' decedent, Brandy Patnode-Michener on or immediately following her October 2014 office visit.

50. Christopher Wolfe RPA-C failed to timely consult with a physician regarding plaintiffs' decedent, Brandy Patnode-Michener's condition, especially given the patient's abnormal CT scan results.

51. Christopher Wolfe RPA-C and Richard McKeever, M.D. negligently failed to fully, properly and timely assess plaintiffs' decedent, Brandy Patnode-Michener's lung cancer.

52. That as a result of the negligence of Hudson Headwaters Health Network through its agents, servants, employees, physicians, physicians assistants, associates, subcontractors, principals and/or other designees, including Christopher Wolfe RPA-C and Richard McKeever, M.D., the plaintiffs' decedent was not timely diagnosed and/or appropriately treated for lung cancer.

53. That as a result of the negligence of Hudson Headwaters Health Network through its agents, servants, employees, physicians, physicians assistants, associates, subcontractors, principals and/or other designees, including Christopher Wolfe RPA-C and Richard McKeever, M.D., the plaintiffs' decedent was not diagnosed with lung cancer until September 2019.

54. That as a result of the negligence of Hudson Headwaters Health Network through its agents, servants, employees, associates, subcontractors, principals and/or other designees, including Christopher Wolfe RPA-C and Richard McKeever, M.D., the plaintiffs' decedent died of metastatic lung cancer on May 28, 2020.

55. One or more of the exceptions set forth in CPLR Section Sixteen Hundred Two applies to this action or claim for damages, including, but not limited to the "non-delegable duty" and "respondeat superior" liability provisions of §1602(2).

## AS AND FOR A FIRST CLAIM AGAINST THE DEFENDANT

56. Plaintiffs repeat and reallege all of the allegations in this Complaint marked and designated "1" through "55" with the same force and effect as if herein set forth at length, and further allege that:

57. That the defendant, individually and/or jointly and severally and/or collectively and/or acting through its agents, servants, employees, associates and/or contractors, carelessly and negligently rendered medical care and treatment to the plaintiffs' decedent, Brandy Patnode-Michener, which was not in accordance with good and accepted medical practices and/or said defendant failed to provide her with medical care and treatment that was within the boundaries of good and accepted standards.

58. That by reason of the negligence of the defendant, individually and/or jointly and severally and/or collectively and/or through its agents, servants, employees, associates and/or contractors, plaintiffs' decedent, Brandy Patnode-Michener was caused to sustain severe, catastrophic and irreparable physical and mental injuries and damages, as well as conscious physical and mental pain and suffering.

59. That by reason of the above, the plaintiffs' decedent, Brandy Patnode-Michener has been damaged in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A SECOND CLAIM AGAINST THE DEFENDANT

60. Plaintiffs repeat, reiterate and reallege each and every allegation of this complaint marked and designated "1" through "55", and "56" through "59", with the same force and effect as if more fully set forth here and further allege:

61. As a result of the injuries suffered by the plaintiffs' decedent, Brandy Patnode-Michener, she died on May 28, 2020.

62. By reason of the aforesaid, the plaintiffs' decedent, Brandy Patnode-Michener, and her distributees have been damaged by reason of her wrongful death in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00).

## AS AND FOR A THIRD CLAIM AGAINST THE DEFENDANT

63. Plaintiffs repeat, reiterate and reallege each and every allegation of this complaint marked and designated "1" through "55", and "56" through "59", and "60" through "62" with the same force and effect as if more fully set forth here and further allege:

64. At all times material hereto, plaintiff, James Michener, was the lawful husband of the plaintiffs' decedent, Brandy Patnode-Michener.

65. As the husband of Brandy Patnode-Michener, plaintiff, James Michener was entitled to the services, society and companionship of his wife.

66. By reason of the facts aforesaid plaintiff, James Michener, has been, and in the future will continue to be, deprived of the services, society and companionship of Brandy Patnode-Michener, his wife.

67. By reason of the foregoing, plaintiff, James Michener, has been damaged in a sum of money having a present value of up to One Million and 00/100 Dollars ($1,000,000.00).

**WHEREFORE**, Plaintiffs demand judgment against the defendant:

A. On the First Cause of Action, in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00);

B. On the Second Cause of Action, in a sum of money having a present value of up to Four Million and 00/100 Dollars ($4,000,000.00);

C. On the Third Cause of Action, in a sum of money having a present value of up to One Million and 00/100 Dollars ($1,000,000.00);

D. Together with the costs and disbursements of this action.

DATED: July 27, 2021

*/s/ Amber L. Wright*

Amber L. Wright, Esq.
USDC NDNY Bar Roll # 520017
awright@powers-santola.com
POWERS & SANTOLA, LLP
Attorneys for Plaintiffs
Office and P.O. Address
100 Great Oaks Blvd.
Suite 123
Albany, New York 12203
(518) 465-5995

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Carol Patnode, as Executrix of the Estate of Brandy Patnode-Michener and James Michener, | CERTIFICATE OF MERIT |
| Plaintiffs, | Civil Action No: |
| vs. | |
| United States of America, | |
| Defendant. | |

Amber L. Wright, an attorney duly licensed to practice law in the State of New York hereby affirms, pursuant to Section 2106 of the CPLR, the following:

1. I have reviewed the facts of this case and have consulted with at least one doctor whom I believe is knowledgeable in the relevant issues and I have concluded that there is a reasonable basis for this action.

2. That this certification is being made pursuant to Section 3012-a (a) (1) of the CPLR.

DATED: July 27, 2021

_____
Amber L. Wright, Esq.